**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MAIKEL ALFREDO SEGURA,

      Petitioner,

v.

      No. 1:26-cv-00591-MLG-GBW

WARDEN, Torrance County Detention Center;
MARY DE ANDA-YBARRA, El Paso Field
Office Director of Enforcement and Removal
Operations, Immigration and Customs
Enforcement; TODD M. LYONS, Acting
Director of Immigration and Customs
Enforcement; KRISTI NOEM, Secretary,
U.S. Department of Homeland Security; and
PAMELA BONDI, Attorney General of the
United States;

      Respondents.

**ORDER PARTIALLY GRANTING PETITION FOR WRIT OF HABEAS
CORPUS AND DIRECTING RESPONDENTS TO CONDUCT A BOND
HEARING PURSUANT TO 8 U.S.C. § 1226(a) WITHIN THREE DAYS**

Petitioner Maikel Alfredo Segura, a Cuban citizen, has been detained by federal immigration authorities since July 11, 2025, and is currently being held at the Torrance County Detention Center in Estancia, New Mexico. Doc. 1 at 2. Through Next Friend Yanisleidy Peñate Ferran, Segura challenges his continued detention and seeks a writ of habeas corpus under 28 U.S.C. § 2241 directing federal immigration authorities to immediately release him from custody, or, in the alternative, to conduct a prompt bond hearing. *See* Doc. 1 at 6. The Court ordered the United States Attorney's Office for the District of New Mexico ("USAO") to respond to Segura's Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, on behalf of Federal Respondents. Doc. 9 at 4. The USAO timely filed its Response on March 17, 2026. *See* Doc. 11.

Segura entered the United States on July 13, 2023. Doc. 1 at 2. Neither party provides information about how he entered the country, e.g., whether he entered without admission or was paroled by federal immigration authorities upon his arrival. *See generally* Docs. 1, 11. Respondents maintain that Segura "is correctly classified as an 'applicant for admission' under Section 1225(b)(2)(A) based on the plain language of that statute."[1] Doc. 11 at 2. They acknowledge, however, that "[o]n the legal issue of which statute governs Petitioner's detention here—whether it is 8 U.S.C. § 1226(a), or 8 U.S.C. § 1225(b)— . . . this Court's prior decisions would control the result here . . . as the facts are not materially distinguishable for purposes of the Court's decision of which statutory provision authorizes Petitioner's detention." Doc. 11 at 2; *see id.* at 1-2 (citing *Cortez-Gonzales v. Noem*, No. 2:25-cv-00985, 2025 WL 3485771, at *3-5 (D.N.M. Dec. 4, 2025); *Diaz-Cruz v. Dedos*, No. 1:25-cv-01117, 2025 WL 3628517, at *2 (D.N.M. Dec. 12, 2025); and *Gonzales Ramos v. Dedos*, No. 1:25-cv-00975, 2025 WL 3653928, at *3-4 (D.N.M. Dec. 17, 2025)).

Like the "vast majority" of courts confronted with this issue, the Court has concluded that § 1226(a)—not § 1225(b)(2)(A)—typically governs the detention of noncitizens[2] who enter the United States without being admitted and have been residing in the United States prior to their detention, or were released on their own recognizance by federal immigration authorities pursuant to § 1226(a). *See, e.g.*, *Bethancourt Soto v. Soto*, No. 25-cv-16200, 2025 WL 2976572, at *7

---

[1] In making this argument, Federal Respondents cite the United States Court of Appeals for the Fifth Circuit's recent decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). Doc. 11 at 2. This is not binding authority, and, respectfully, the Court does not find the majority opinion persuasive.

[2] "This [order] uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020); *see generally* 8 U.S.C. § 1101(a)(3) ("The term 'alien' means any person not a citizen or national of the United States.").

(D.N.J. Oct. 22, 2025) (emphasis removed) (collecting cases concluding that "§ 1225(b)(2)(A) applies only to noncitizens who are actively, *i.e.*, affirmatively, 'seeking admission' to the United States"); *Ramirez-Gavilan v. Collins*, No. 1:25-CV-2052-RP, 2026 WL 274705, at *5 (W.D. Tex. Jan. 17, 2026) ("[T]he government has already treated Petitioner as subject to § 1226 when they paroled him under that provision—a form of parole that would not have been possible if he was being detained subject to § 1225. That alone would be sufficient to say that Petitioner is wrongfully detained under § 1225 now."); *Cortez-Gonzales*, 2025 WL 3485771, at *3-5; *Gonzales Ramos*, 2025 WL 3653928, at *1-5.

Given Federal Respondents' position on the matter, *see* Doc. 11 at 1-2, the Court concludes Segura's detention is governed by § 1226(a). Respondents' reliance on § 1225(b)(2)(A) to detain Segura without a bond hearing for eight months therefore constitutes an ongoing violation of his right to due process under the Fifth Amendment to the United States Constitution. *See Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 785 (E.D. Mich. 2025) ("The discretionary bond framework under Section 1226(a) requires a bond hearing to make an individualized custody determination . . . . Therefore, without first evaluating [a noncitizen's] risk of flight or dangerousness, [her] detention is a violation of [her] due process rights."); *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."); *see also Reno v. Flores*, 507 U.S. 292, 306 (1993) ("It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."); *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[O]nce [a] [noncitizen] enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent.").

3

Accordingly, the Court grants the Petition to the extent Federal Respondents must provide Segura with an individualized bond hearing pursuant to § 1226(a) before a neutral immigration judge within three days[3] of this Order's filing. At the bond hearing, Federal Respondents must justify Segura's continued detention by clear and convincing evidence.[4] If Federal Respondents fail to meet this evidentiary burden, Segura should be released on appropriate conditions. The USAO is further ordered to file a status report within five days of this Order's filing to certify compliance. The status report must include when the bond hearing occurred, if bond was granted or denied, and, if bond was denied, the reason(s) for the denial.

If Segura does not receive a bond hearing in accordance with this Order, the Court may order his immediate release.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

---

[3] The deadlines in this order are to be calculated in accordance with Federal Rule of Civil Procedure 6.

[4] Several years ago, the United States Supreme Court declined to decide whether the Due Process Clause of the Fifth Amendment to the United States Constitution requires that noncitizens being detained pursuant to § 1225 and § 1226 receive periodic bond hearings "at which the Government proves by clear and convincing evidence that . . . detention remains justified." *Jennings v. Rodriguez*, 583 U.S. 281, 291, 312-14 (2018). "Since *Jennings*, a number of district courts have taken up the question left open by the Supreme Court, and there has emerged a consensus view that where, as here, the government seeks to detain an alien pending removal proceedings, it bears the burden of proving that such detention is justified." *Darko v. Sessions*, 342 F. Supp. 3d 429, 435 (S.D.N.Y. 2018). The Court agrees that "given the important constitutional interests at stake, and the risk of harm in the event of error, it is appropriate to require the government to bear the burden . . . ." *Id.* Thus, "in accordance with the overwhelming majority of courts to have decided the issue," the Court "concludes that the government must bear the burden by clear and convincing evidence." *Id.* at 436.